# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM STAFFORD, LAMAR JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>NORM KRAMER, et al.,<br><br>Defendants. | Case No. 1:15-cv-00038-LJO-DLB PC<br><br>ORDER SEVERING PLAINTIFFS' CLAIMS AND DIRECTING CLERK'S OFFICE TO OPEN NEW ACTION FOR PLAINTIFF JOHNSON<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiffs William Stafford and Lamar Johnson are civil detainees proceeding pro se and in forma pauperis in this civil rights action. Plaintiffs filed this action on January 8, 2015. Plaintiffs name Norm Kramer as Defendant.

**A.  LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiffs are currently detained at Coalinga State Hospital ("CSH") in Coalinga, California, where the events at issue occurred. Plaintiffs state they are receiving medical treatment for a disease. They state they are similarly situated to the plaintiffs in Bartlett v. Kramer, et al., Case No. 1:14-cv-1932 LJO DLB PC, and they request that they be permitted to join that class action.

**C.    ANALYSIS**

1.    Class Action

The case of Bartlett v. Kramer is not a class action, and the complaint was ordered to proceed only as to Plaintiff Bartlett. The other plaintiffs who Bartlett purported to represent were directed to file separate actions. Therefore, Plaintiffs may not join in the Bartlett case.

2.    Severance of Parties and Claims

Under Fed. R. Civ. P. § 19, joinder of a party is required when the Court cannot accord complete relief among existing parties in the absence of that party, or when the party claims an

2

interest relating to the subject of the action and is so situated that disposing of the action in the party's absence my impair or impede the party's ability to protect the interest or leave an existing party subject to a substantial risk of incurring multiple or inconsistent obligations because of the interest.

Under Rule 20, joinder of parties is permissible if the plaintiffs assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact common to all plaintiffs will arise in the action.

After reviewing the complaint, the Court has determined that each plaintiff should proceed separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and "[a]ny claim against a party may be severed and proceeded with separately." Courts have broad discretion regarding severance. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D.Cal. Nov. 6, 2006).

Plaintiffs are currently detained at Coalinga State Hospital. In the Court's experience, an action brought by multiple plaintiffs proceeding pro se in which the plaintiffs are detained presents procedural problems that cause delay and confusion. Further, the need for all plaintiffs to agree on all filings made in this action, and the need for all filings to contain the original signatures of all plaintiffs will lead to delay and confusion. In addition, although Plaintiffs may be alleging a question of law common to all, the facts and circumstances concerning each Plaintiff are highly specific to each Plaintiff. While both Plaintiffs may be suffering from the same disease, the facts of how each Plaintiff was exposed to the disease, the duration of exposure, how the disease was contracted, treated, progressed, and the condition of each Plaintiff, among other considerations, are particular to each Plaintiff.

Therefore, Plaintiffs' claims shall be severed, Plaintiff William Stafford shall proceed as the sole plaintiff in this action, and a new action shall be opened for Plaintiff Lamar Johnson. Gaffney

3

v. Riverboat Serv. of Indiana, 451 F.3d 424, 441 (7th Cir. 2006). Each plaintiff shall be solely responsible for prosecuting his own action.

3. <u>Failure to State a Claim for Relief</u>

Under Fed. R. Civ. P. § 8(a), Plaintiff must provide a short and plain statement of the grounds for the Court's jurisdiction in order to state a claim for relief. In addition, Plaintiff must provide a short and plain statement of the claim showing he is entitled to relief. Finally, Plaintiff must submit a demand for the relief sought. Here, Plaintiff makes no claim for relief.

4. <u>Amendment Required</u>

Because the complaint fails to state a claim, Plaintiffs will be provided an opportunity to amend. The Court will provide the following standards to assist Plaintiffs in amending. Plaintiff Johnson is advised to file his amended complaint in his own case.

    a. *Eighth Amendment- Conditions of Confinement*

The Eighth Amendment "protects prisoners ... from inhumane methods of punishment ... [and] inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.2006). Although prison conditions may be restrictive and severe, prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). A prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993).

Plaintiff must allege facts to show that Defendant(s) acted with deliberate indifference with regard to his confinement. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" Id. at 1057 (quoting Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1188 (9th Cir.2002)). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk

4

of serious harm exists, and [the official] must also draw the inference." Id. at 837; Anderson v. Cnty. of Kern, 45 F.3d 1310, 1313 (9th Cir.1995). To prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842.

### b. *Eighth Amendment- Medical Care*

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

### c. *State Law Claims*

The "plain language" of 28 U.S.C. § 1367(a) "makes clear that supplemental jurisdiction may only be invoked when the district court has the hook of original jurisdiction on which to hang it." Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). In other words, if Plaintiff fails to state a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of Az., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013).

### D. **CONCLUSION AND ORDER**

Plaintiffs' claims must be severed and a new case opened for Plaintiff Johnson. In addition, the complaint fails to state any claim against any Defendant. Accordingly, Plaintiffs will be

permitted an opportunity to amend his complaint, but Plaintiffs should only amend if they can do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiffs may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiffs' amended complaints should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiffs' constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Plaintiffs should file their amended complaints on the complaint forms provided.

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff Stafford shall proceed as the sole plaintiff in case number 1:15-cv-00038-LJO DLB PC;

2. The claims of Plaintiff Johnson are severed from the claims of Plaintiff Stafford;

3. The Clerk of the Court is directed to:

    a. Open a separate civil action for Plaintiff Johnson;

    b. Assign the new action to the magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c. File and docket a copy of this order in the new action opened for Plaintiff Johnson;

    d. Place a copy of the complaint filed on January 8, 2015, in the instant action in the new action opened for Plaintiff Johnson; and

    e. Send Plaintiff Johnson an endorsed copy of the complaint, filed January 8, 2015, bearing the case number assigned to his own individual action.

    f.  Send each Plaintiff a blank civil rights complaint form;

  4.  The complaint is dismissed, with leave to amend, for failure to state a claim;

  5.  Within **thirty (30) days** from the date of service of this order, each Plaintiff shall file an amended complaint in his respective action; and

  6.  <u>If a Plaintiff fails to file an amended complaint in compliance with this order, his action will be dismissed, with prejudice, for failure to state a claim</u>.

IT IS SO ORDERED.

 Dated: **September 2, 2015**    /s/ *Dennis L. Beck*
                   UNITED STATES MAGISTRATE JUDGE