# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM STAFFORD,<br><br>    Plaintiff,<br><br> v.<br><br>NORM KRAMER, et al.,<br><br>    Defendants. | 1:15-cv-00038-NONE-GSA-PC<br><br>**ORDER AMENDING JUDGMENT UNDER RULE 60(b)**<br><br>**ORDER FOR CLERK TO ENTER AMENDED JUDGMENT PURSUANT TO THIS ORDER AND CLOSE CASE** |

## I. BACKGROUND

Plaintiff William Stafford is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.

On May 12, 2017, this case was dismissed with prejudice based on plaintiff's failure to state a claim, and judgment was entered.  (Doc. Nos. 17, 18.)  On May 25, 2017, plaintiff filed a notice of appeal to the Ninth Circuit Court of Appeals.  (Doc. No. 20.)  On June 10, 2021, the Ninth Circuit issued a memorandum affirming in part and vacating in part the district court's substantive determination and remanding the case to the district court.  (Doc. No. 24.)

The Ninth Circuit remanded the case to the district court with instructions to modify the judgment to make clear that the dismissal of the state law claims is without prejudice, as follows:

> "[W]hen a court 'dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice.'  Gini v. Las Vegas Metro. Police Dep't., 40 F.3d 1041, 1046 (9th Cir. 1994) (quoting Les Shockley Racing v. Nat'l Hot Rod Ass'n, 884

F.2d 504, 509 (9th Cir. 1989)). The district court here properly declined to exercise supplemental jurisdiction over Stafford's state law claims but should have dismissed the state law claims without prejudice. Accordingly, while we affirm the district court's substantive determinations, we vacate the judgment and remand the case to the district court with instructions to modify the judgment to make clear that the dismissal of the state law claims is without prejudice. *See id.* (doing the same)."

(Ninth Circuit's Memorandum, ECF No. 24 at 5.)

## II.     RULE 60(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Federal Rule of Civil Procedure 60(a) states, in relevant part, that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." "In determining whether a mistake may be corrected under Rule 60(a), '[the Ninth Circuit] focuses on what the court originally intended to do.'" Tattersalls, Ltd. v. DeHaven, 745 F.3d 1294, 1297 (9th Cir. 2014) (quoting Blanton v. Anzalone, 813 F.2d 1574, 1577 (9th Cir. 1987)). "The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consists of 'blunders in execution' whereas the latter consist of instances where the court changes its mind . . . ." Id., 813 F.2d at 1577 n.2.

"The quintessential 'clerical' errors are where the court errs in transcribing the judgment or makes a computational mistake." Tattersalls, Ltd., 745 F.3d at 1297 (citation omitted). But Rule 60(a) "covers more than those situations." Id. For example, a district court may correct a final judgment pursuant to Rule 60(a) to change a dismissal for want of prosecution without prejudice to with prejudice. See Huey v. Teledyne, Inc., 608 F.2d 1234, 1236–37 (9th Cir. 1979); Turner v. Las Vegas Metro. Police Dep't, No. 2:16–cv–02413–RFB–VCF, 2017 WL 2869500, at *2 (D. Nev. July 3, 2017); accord Rivera v. PNS Stores, Inc., 647 F.3d 188, 194 (5th Cir. 2011) ("Inadvertently designating a dismissal as being 'without prejudice' instead of 'with prejudice' is the type of rote, typographical error of transcription that could be committed by a law clerk or a judicial assistant. It is not an error of judgment or legal reasoning."); see also 11 Fed. Prac. &

Proc. Civ. § 2854 (3d ed.) ("A great variety of matters have been held by the courts to come within Rule 60(a)," including "clerical errors, the failure to enter judgment or an opposing party's motion, the omission of a filing date, and mathematical computations," as well as if the judgment "wrongly apportions the damages between the parties, confuses special and general damages, or reverses answers in the verdict.")  In sum, Rule 60(a) "allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement." Tattersalls, Ltd., 745 F.3d at 1298 (quoting Garamendi v. Henin, 683 F.3d 1069, 1079 (9th Cir. 2012)).

### III.  CONCLUSION

In this case, the court failed to clarify in the Final Judgment for this case, entered on May 12, 2017, that Plaintiff's state law claims were dismissed without prejudice.  Accordingly, the court shall amend the Final Judgment to reflect dismissal of Plaintiff's state law claims without prejudice, reflecting the necessary implications of the original order and ensuring that the court's purpose is fully implemented..

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, the court amends the Final Judgment in this case, which was entered on May 12, 2017; and
2. The Clerk is directed to:
   (1) Enter an Amended Judgment in this case reflecting that Plaintiff's federal claims are dismissed with prejudice, but Plaintiff's state law claims are dismissed without prejudice; and
   (2) Close this case.

IT IS SO ORDERED.

Dated:   **August 17, 2021**                **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE